# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

TERRYON ROMERO ROGERS,

     Plaintiff,

-vs-                           CASE NO.

EQUIFAX INFORMATION SERVICES
LLC, CW NEXUS CREDIT CARD
HOLDINGS I, LLC and CONTINENTAL
FINANCE COMPANY, LLC

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Terryon Romero Rogers (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, Equifax Information Services LLC (hereinafter "Equifax"), CW Nexus Credit Card Holdings I, LLC (hereinafter "CW Nexus"), Continental Finance Company, LLC (hereinafter "Continental") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.    Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.    When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.    The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin.

2

Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURSIDICATION, VENUE, AND PARTIES

6.      The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Equifax's principal address is in this District; the Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.      Plaintiff is a natural person and resident of Hennepin County, Minnesota. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.      Equifax is a corporation with its principal place of business in the State of Georgia located at 1550 Peachtree Street Northwest, Atlanta, Georgia 30309.

11.      Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

3

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    CW Nexus is a limited Liability Corporation who's headquartered in the State of New York and conducts business through their registered agent Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

14.    CW Nexus is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

15.    CW Nexus furnished information about Plaintiff to the CRAs which was inaccurate.

16.    Continental is a limited Liability Corporation which is located at 4500 Linden Hill Road, Suite 400, Wilmington, Delaware 19808. Upon information and belief, they conduct business in the State of Georgia.

17.    Continental is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

18.    Continental furnished information about Plaintiff to the CRAs which was inaccurate.


**FACTUAL ALLEGATIONS**

4

19.     Upon information and belief, Plaintiff is a victim of severe identity theft.

20.     On or about February of 2025, Plaintiff began to be contacted by debt collectors for debts that did not belong to him. As a result, Plaintiff requested copies of his credit reports.

21.     On March 6, 2025, concerned that he was a victim of identity theft, Plaintiff filed a report with the Consumer Financial Protection Bureau (hereinafter "CFPB"), File ID 250306-19154342.

22.     In the CFPB Report, Plaintiff detailed the fact that there were several accounts open when he was about 12 years old and that they needed to be removed from his credit file. The aforementioned accounts (hereinafter collectively "Disputed Accounts") included in Plaintiff's CFPB Complaint were the following:

      i.    TD BANK USA/TARGET CREDIT
           Account ending in 6713
           Balance: $2,331
           Status: Charge Off

     ii.    CW NEXUS CREDIT CARD
           Account ending in 2307
           Balance: $1,496
           Status: Charge Off

    iii.    DISCOVER CARD
           Account ending in 5504
           Balance: $2,719
           Status: Charge Off

5

    iv.   Continental Finance Company
           Account ending in 0588
           Balance: $0
           Status: Charge Off

    v.   SYNCB/JC PENNEYS

           Account ending in 8603
           Balance: $0
           Status: Pays as agreed

    vi.   MACYS/CITIBANK NA
           Account ending in 5146
           Balance: $0
           Status: Pays as agreed

           FINGERHUT/WEBBANK
    vii.   Account ending in 7769
           Balance: $0
           Status Charge Off

    viii.   LVNV FUNDING LLC
           Account ending in 7769
           Balance: $1,513
           Status: collection

23.   Under 15 U.S.C. § 1681e (3) of the FCRA, the Credit Reporting Agencies (hereinafter "CRAs"), such as Equifax, are required to review certain consumer complaints about the inaccurate information that are originally sent to the CFPB.

24.    Upon information and belief, Equifax failed to review the CFPB Complaint that Plaintiff filed and continued to report the erroneous information and accounts on his credit reports. Presumably, as Equifax retains information such a personal identifying information, Equifax could have easily ascertained that the accounts being disputed by Plaintiff were open when he was a minor.

25.    Additionally, on March 24, 2025, Plaintiff mailed a dispute letter to Equifax to inform them that there was numerous incorrect personal identifying information on his credit file that did not belong to him. Further, he explained that Equifax was reporting the Disputed Accounts and that they needed to be removed as they were a result of fraud.

26.    On April 18, 2025, Plaintiff filed a subsequent CFPB Report, File ID 250419-20201833.

27.    In the CFPB Report, Plaintiff again detailed the fact that there were several accounts open when he was about 12 years old and that they needed to be removed from his credit file.

28.    Under 15 U.S.C. § 1681e (3) of the FCRA, the Credit Reporting Agencies (hereinafter "CRAs"), such as Equifax, are required to review certain consumer complaints about the inaccurate information that are originally sent to the CFPB.

29.    Upon information and belief, Equifax again failed to review the CFPB Complaint that Plaintiff filed and continued to report the erroneous information and accounts on his credit reports. Presumably, as Equifax retains information such a personal identifying information, Equifax could have easily ascertained that the accounts being disputed by Plaintiff were open when he was a minor.

30.    On or about April 24, 2025, Plaintiff proceeded to mail an updated dispute letter to Equifax. The aforementioned disputed explained that the Disputed Accounts did not belong to him and they were to be removed. Plaintiff provided a copy of his driver's license and a copy of his Social Security Card, so Equifax would be able to locate his file to conduct an investigation. The Minnesota Identification Card provided objective evidence of Plaintiff's date of birth.  Equifax is aware that minors are not able to enter into contracts with furnishers.

31.    Plaintiff's never received an update as to the outcome of his dispute. Equifax willfully violated the FCRA.  Had Equifax conducted an investigation, they would have easily corrected Plaintiff's credit report.

32.    On May 19, 2025, Plaintiff obtained a copy of his Equifax credit report. Upon review the Disputed Accounts continued to be reported. A majority of the aforementioned disputed accounts had derogatory statuses that negatively impacted

Plaintiff's credit worthiness. Moreover, Equifax continued to report Plaintiff's date of birth incorrectly.

33.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

34.     Equifax never attempted to contact Plaintiff during the alleged investigation.

35.     Had Equifax conduct a reasonable investigation, the results would have been different.

36.     Upon information and belief, Equifax notified CW Nexus of Plaintiff's dispute. However, CW Nexus also failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by CW Nexus in connection with the dispute investigation. CW Nexus ignored Plaintiff's age when the account was opened.

37.     Upon information and belief, Equifax notified Continental of Plaintiff's dispute. However, Continental failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by CW Nexus in connection with the dispute investigation.

38.     On May 23, 2025, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 187320430. In this Report, he explained that

he is a victim of identity theft and that fraudulent accounts which did not belong to him were listed in his credit report.

39.    Despite various means of contacting the Defendants, the Disputed Account and erroneous personal identifying information remained to be reported.

40.    On May 27, 2025, as Plaintiff's reports were not completely corrected, mailed another dispute to Equifax. Plaintiff continued to explain that he was a victim of identity theft and there were several accounts being reported that did not belong to him. Moreover, Plaintiff clearly brought it to Equifax's attention that they were reporting his date of birth incorrectly. Concerningly, some of the aforementioned Disputed Accounts were opened when Plaintiff was a minor. Plaintiff again included a copy of his driver's license and Social Security Card so Equifax would be able to locate his credit file. Additionally, included a copy of his filed FTC Report, his CFPB Complaints and other supportive documentation.

41.    Plaintiff mailed out the detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 3019 7944 00).

42.    On June 7, 2025, Equifax responded to Plaintiff's dispute by stating that their records, "show that you have already disputed the erroneous accounts at least twice within the last 90 days. This dispute information was verified as accurate, and

we have not received new relevant information to support this dispute. Therefore, we consider this new dispute frivolous and will not research this dispute".

43.    Equifax never attempted to contact Plaintiff during the alleged investigation.

44.    If Equifax conducted a reasonable investigation, the outcome of Plaintiff's dispute would have been different. Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

45.    Upon information and belief, Equifax notified CW Nexus of Plaintiff's dispute. However, CW Nexus failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by CW Nexus in connection with the dispute investigation.

46.    Upon information and belief, Equifax notified Continental of Plaintiff's dispute. However, Continental failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Continental in connection with the dispute investigation.

47.    Due to the Defendants actions/inactions, on July 11, 2025, Plaintiff mailed another dispute to Equifax. Plaintiff continued to explain that he was a victim of identity theft and there were several accounts being reported that did not belong

to him. Moreover, Plaintiff clearly brought it to Equifax's attention that they continued to report his date of birth incorrectly. Concerningly, some of the aforementioned Disputed Accounts were opened when Plaintiff was a minor. Plaintiff included a copy of his driver's license and Social Security Card so Equifax would be able to locate his credit file. Additionally, included was a copy of his filed FTC Report, his CFPB Complaints and other supportive documentation.

48.    Plaintiff mailed out the detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 3019 7949 67).

49.    Despite already possessing, Plaintiff's personal identifying documents, on July 22, 2025, Equifax responded to Plaintiff's latest dispute by requesting further documents to verify his identity.

50.    On August 19, 2025, Plaintiff obtained a copy of his Equifax credit report. To Plaintiff's relief, many of the Disputed Accounts were no longer reported on his credit file. However, the Equifax continued to report the erroneous Discover Account ending in 5504, a Continental Finance Account ending in 0588, and a CW Nexus Account ending in 2307. The aforementioned accounts were reporting derogatory tradeline status, which continued to negatively impact Plaintiff's credit worthiness. Moreover, Equifax continued to report Plaintiff's date of birth incorrectly.

51.     Due to the inaccurate reporting, on August 22, 2025, Plaintiff mailed a detailed dispute letter to Equifax. Plaintiff continued to affirm that he was a victim of identity theft and the erroneous Discovery Account ending in 5504, a Continental Finance Account ending in 0588, and a CW Nexus Account ending in 2307 did not belong to him as they were a result of fraud. Moreover, Plaintiff clearly brought it to Equifax's attention that they were reporting his date of birth incorrectly. Concerningly, the remaining accounts being disputed were all opened in 2015 prior to Plaintiff becoming of legal age. Plaintiff included a copy of his driver's license and Social Security Card so Equifax would be able to locate his credit file. Additionally, Plaintiff again included a copy of his filed FTC Report, and his CFPB Complaints.

52.     Plaintiff mailed out the detailed dispute letter via USPS Certified Mail to Equifax (9407 1111 0549 5867 4564 87).

53.     Despite delivery confirmation of August 27, 2025, Plaintiff never received a copy of his current Equifax credit report or the outcome of his latest dispute.

54.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers. If Equifax

had conducted a reasonable investigation, the outcome of Plaintiff's dispute he submitted in August would have been different.

55.    Equifax never attempted to contact Plaintiff during the alleged investigation.

56.    Upon information and belief, Equifax notified CW Nexus of Plaintiff's dispute. However, CW Nexus failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by CW Nexus in connection with the dispute investigation.

57.    Upon information and belief, Equifax notified Continental of Plaintiff's dispute. However, Continental failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Continental in connection with the dispute investigation.

58.    Plaintiff was left feeling very defeated and helpless as despite several disputes, erroneous information and accounts continued to be reported on his Equifax credit file.

59.    On October 22, 2025, Plaintiff obtained a copy of his Equifax credit report and observed Equifax continued to report the CW Nexus Account ending in 2307. Moreover, Equifax continued to report Plaintiff's date of birth incorrectly.

Plaintiff was baffled and confused why after removing so many disputed erroneous accounts, why the CW Nexus Account remained on his Equifax credit report.

60.    Shortly after receipt of the October Equifax credit report, Plaintiff again, mailed a detailed dispute letter to Equifax. Plaintiff continued to affirm that he was a victim of identity theft and that they continued to report erroneous accounts that did not belong to him as they were a result of fraud. Moreover, Plaintiff clearly brought it to Equifax's attention that they were reporting his date of birth incorrectly. Concerningly, the remaining account being disputed was opened in 2015 prior to Plaintiff becoming legal age. Plaintiff included a copy of his driver's license and Social Security Card so Equifax would be able to locate his credit file. Additionally, included is a copy of his filed FTC Report, his CFPB Complaints and other supportive documentation.

61.    On November 19, 2025, Equifax responded to Plaintiff's dispute by verifying the CW Nexus Account.

62.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers. If Equifax had conducted a reasonable investigation, the outcome of Plaintiff's dispute he submitted in August would have been different.

15

63.    Equifax never attempted to contact Plaintiff during the alleged investigation.

64.    Upon information and belief, Equifax notified CW Nexus of Plaintiff's dispute. However, CW Nexus failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by CW Nexus in connection with the dispute investigation.

65.    Despite Plaintiff's best efforts to have all of the erroneous reporting removed, Plaintiff had to dispute a multitude of times to correct the reporting of his Equifax credit file.

66.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time and time take off from work in attempts to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of

life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

iv.   Reduction in credit score as the Defendants failed to properly investigate the disputed information;

v.   Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score;

vi.   Defamation and Plaintiff's information has been published to third parties including but not limited to FICO and Vantage to calculate Plaintiff's credit score. The account reported by Defendants is a collection account significantly damaging Plaintiff's credit reputation;

vii.   Defendant's have also published erroneous information to the FTC by failing to resolve their mistakes on Plaintiff's credit reports;

viii.   Defendant's have also published erroneous information to the CFPB and failed to resolve their mistakes on Plaintiff's credit reports.

## CAUSES OF ACTION CAUSES OF ACTION

## COUNT I

**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Equifax Information Services LLC (Negligent)**

67.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

68.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

69.    Equifax allowed for multiple furnishers, such as CW Nexus, to report an inaccurate and fraudulent account.

70.    Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

71.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

72.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

73.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, Terryon Romero Rogers, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II

### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

71.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

72.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

73.     Equifax allowed for multiple Furnishers, such as CW Nexus, to report an inaccurate and fraudulent account.

74.    Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

75.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

76.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

77.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, Terryon Romero Rogers, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## **COUNT III**

20

**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Negligent)**

78.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

79.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

80.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnishers.

81.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

21

82.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

83.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, Terryon Romero Rogers, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IV

### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

84.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

85.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

22

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

86.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

87.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

88.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

89.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, Terryon Romero Rogers, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-

judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT V

**Violation of 15 U.S.C § 1681s-2(b) as to
Defendant, CW Nexus Credit Card Holdings I, LLC (Negligent)**

90.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

91.    CW Nexus furnished inaccurate account information to the CRAs and to all of Plaintiff's potential lenders.

92.    After receiving Plaintiff's disputes, CW Nexus violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

93.    Plaintiff provided all the relevant information and documents necessary for CW Nexus to have identified that the account was fraudulent. Plaintiff provided a copy of his filed FTC Report.

94.    CW Nexus did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to CW Nexus by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Moreover, CW Nexus was very well aware that Plaintiff was a minor when this account was opened. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

95.    CW Nexus violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs and third-party entities such as MyFico after it had been notified that the information it was furnishing was inaccurate.

96.    As a direct result of this conduct, action, and/or inaction of CW Nexus, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

97.    The conduct, action, and inaction of CW Nexus was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

98.    Plaintiff is entitled to recover costs and attorney's fees from CW Nexus in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, Terryon Romero Rogers, respectfully requests that this Court award actual damages against Defendant, CW Nexus Credit Card Holdings I, LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, CW Nexus Credit Card Holdings I, LLC (Willful)

99.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

100.    CW Nexus furnished inaccurate account information to Equifax and through Equifax to all of Plaintiff's potential lenders.

101.    After receiving Plaintiff's disputes, CW Nexus violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the

account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Equifax; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

102.  Plaintiff provided all the relevant information and documents necessary for CW Nexus to have identified that the account was fraudulent. Plaintiff provided a copy of his filed FTC Report.

103.  CW Nexus did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the party responsible, including information provided to CW Nexus by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Moreover, CW Nexus was made aware multiple times that Plaintiff was a minor when the CW Nexus Account was opened. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

104.   CW Nexus violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax after it had been notified that the information it was furnishing was inaccurate.

105.   As a direct result of this conduct, action, and/or inaction of CW Nexus, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

106.   The conduct, action, and inaction of CW Nexus was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

107.   Plaintiff is entitled to recover costs and attorney's fees from CW Nexus in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, Terryon Romero Rogers, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, CW Nexus Credit Card Holdings I, LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VI

**Violation of 15 U.S.C § 1681s-2(b) as to
Defendant, Continental Finance Company, LLC (Negligent)**

108.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

109.   Continental furnished inaccurate account information to the CRAs and to all of Plaintiff's potential lenders.

110.   After receiving Plaintiff's disputes, Continental violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

111.   Plaintiff provided all the relevant information and documents necessary for Continental to have identified that the account was fraudulent. Plaintiff provided a copy of his filed FTC Report.

112.   Continental did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party,

including information provided to Continental by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Moreover, Continental was very well aware that Plaintiff was a minor when this account was opened. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

113.   Continental violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs and third-party entities such as MyFico after it had been notified that the information it was furnishing was inaccurate.

114.   As a direct result of this conduct, action, and/or inaction of Continental, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

115.   The conduct, action, and inaction of Continental was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

116.    Plaintiff is entitled to recover costs and attorney's fees from Continental in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, Terryon Romero Rogers, respectfully requests that this Court award actual damages against Defendant, Continental Finance Company, LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VII
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Continental Finance Company, LLC (Willful)

117.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

118.    Continental furnished inaccurate account information to Equifax and through Equifax to all of Plaintiff's potential lenders.

119.    After receiving Plaintiff's disputes, Continental violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Equifax; and (4) failing to permanently and lawfully correct

its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

120. Plaintiff provided all the relevant information and documents necessary for Continental to have identified that the account was fraudulent. Plaintiff provided a copy of his filed FTC Report.

121. Continental did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the party responsible, including information provided to Continental by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Moreover, Continental was made aware multiple times that Plaintiff was a minor when the Continental Account was opened. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

122. Continental violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax after it had been notified that the information it was furnishing was inaccurate.

123.    As a direct result of this conduct, action, and/or inaction of Continental, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

124.    The conduct, action, and inaction of Continental was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

125.    Plaintiff is entitled to recover costs and attorney's fees from Continental in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, Terryon Romero Rogers, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Continental Finance Company, LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Terryon Romero Rogers, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, Equifax Information Services LLC, CW Nexus Credit Card Holdings I, LLC, and Continental Finance Company, LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 10th day of March 2026.

Respectfully Submitted,

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd., Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933

Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com